IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| NATALIE LAMONICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:15cv326-SRW |
| | ) | |
| BROWN NURSING HOME, LLC, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

This matter comes before the court on plaintiff Natalie Lamonica's ("Plaintiff")
motion to remand and motion for attorney fees. (Doc. 12).  The motion has been briefed and
is ripe for resolution.

For the reasons discussed below, the motion to remand will be GRANTED, but the
motion for attorney fees will be DENIED.

**I. PROCEDURAL BACKGROUND**

Plaintiff filed this lawsuit in the Circuit Court of Tallapoosa County, Alabama, on
November 21, 2014. (Doc. 1-5). The operative pleading is plaintiff's second amended
complaint, and plaintiff asserts therein the following claims against defendants Brown
Nursing Home ("Brown"), Employer's Claim Management ("ECM"), and Linda Casey
("Casey"): a claim for workers' compensation (count I), and claims for damages for
defamation/slander *per se* (count II), defamation/slander *per quod* (count III), intentional

1

infliction of emotional distress/tort of outrage (count IV), misrepresentation or suppression (count V), and civil conspiracy (count VI). (Doc. 1-8).

Defendant Brown, with the consent of defendants ECM and Casey, removed the case to this court under 28 U.S.C. § 1446. Brown asserts in its notice of removal that two of plaintiff's claims (counts IV and V) are completely preempted by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*., thus giving this court jurisdiction over the claims pursuant to 28 U.S.C. § 1331. Brown also asserts that the court has supplemental jurisdiction over three of the remaining state law claims in the second amended complaint (counts II, III, and VI), pursuant to 28 U.S.C. § 1367. Brown asks that the workers' compensation claim (count I) be severed and remanded to state court.

Plaintiff filed a motion to remand on May 26, 2015. (Doc. 12). She states that she has not alleged any causes of action that could have been brought under ERISA, thus rendering defendant Brown's removal improper. (Id. at pp. 4-11). Plaintiff also moves for an award of attorney fees pursuant to 28 U.S.C. § 1447(c). (Doc. 12 at p. 16).

## II. FACTS

This case arises out of defendant Brown's termination of plaintiff's employment and its subsequent representations to her regarding the corresponding termination of coverage under her employer-provided contract of health insurance, as well as defendants Casey's and ECM's alleged representations to plaintiff's physician regarding plaintiff's willingness to work within her restrictions.

Until the date of her termination, plaintiff worked for defendant Brown as a certified nursing assistant. (Doc. 1-8 at p. 4).  On December 20, 2013, plaintiff was injured while acting within the line and scope of her employment. (Doc. 1-5 at p. 2).  Though plaintiff does not describe the accident that led to her injury, she alleges that she suffered injuries including, but not limited to, damage to her right hand, wrist and forearm.  (Id.)  Plaintiff maintains that she was temporarily totally disabled and is now either permanently partially or permanently totally disabled. (Id.)  Plaintiff states that she received limited temporary total disability benefits, although not to the extent to which she was entitled, up to and including the date of September 8, 2014.  (Id.)

On September 3, 2014, plaintiff met with Cecily Lee, the administrator of the nursing home where plaintiff worked, regarding plaintiff's ability to perform tasks within her job description.  (Doc. 1-8 at p. 4). Following the meeting, Ms. Lee terminated plaintiff, effective September 10, 2014.  (Id.)

On September 4, 2014, Ms. Lee sent a letter to plaintiff which plaintiff claims mischaracterized statements that each made to the other during the course of the September 3, 2015 meeting.  (Id.) On September 8, 2014, plaintiff replied to Ms. Lee, clarifying and correcting what she contends were mischaracterizations. (Id.) In that same letter, plaintiff asked when her employer-provided health insurance coverage would end. (Id.) On September 10, 2014, Ms. Lee wrote plaintiff, indicating that "[y]our insurance will continue through the end of this month." (Id.) Relying on this statement, plaintiff did not contract for new

3

insurance.  (Id.) Plaintiff continued throughout the month of September to visit healthcare providers and presented to those providers the insurance which she believed to be current. (Id.)

Plaintiff later learned that, contrary to Ms. Lee's representation that her insurance would continue until the end of September 2014, defendant Brown had terminated her insurance coverage effective September 1, 2014. (Doc. 1-8 at p. 6). Plaintiff's health insurance provider, Blue Cross and Blue Shield of Alabama, notified her that she owed it reimbursement for money it paid on her behalf after the policy cancellation date of September 1, 2014. (Id.) Blue Cross Blue Shield also notified Plaintiff that she owed payment to the health care providers she visited during the month of September. (Id.)

Plaintiff claims that, as a result of defendant Brown's representations, she sought medical evaluation and treatment, incurred medical expenses she would not have otherwise incurred, and suffered emotional distress and mental anguish. (Id. at pp. 5-6).[1] Plaintiff seeks both compensatory and punitive damages for the same.  (Id. at pp. 6-7).[2]

Plaintiff also alleges that on September 23 or 24, 2014, defendant Casey – who was at all relevant times an employee of ECM, the entity that manages and/or processes workers' compensation claims for defendant Brown – made false representations about plaintiff to one

---

[1] Plaintiff describes defendant Brown's alleged misrepresentations and the damages allegedly resulting therefrom in both counts IV and V.  The facts set forth in this section – including, but not limited to, the description of the damages plaintiff seeks – are, therefore, gleaned from both counts.

[2] The relief requested is likewise derived here from both counts IV and V.

4

of plaintiff's health care providers. (Id. at pp. 2, 4). Dr. David Ostrowski is the healthcare provider who was authorized to treat plaintiff under the Workers Compensation Act of Alabama. Plaintiff alleges that defendant Casey told a member of Dr. Ostrowski's staff that plaintiff had been offered a job that would accommodate the physical limitations that Dr. Ostrowski had placed on her, and that plaintiff had refused to accept the position. (Id. at pp. 4-5). Plaintiff claims that these statements were false and intended to create testimony contradicting the sworn statements contained in her application for unemployment compensation. (Id. at p. 5). Plaintiff also maintains that these statements were intended to influence Dr. Ostrowski and his employees into believing that plaintiff had committed the crime of giving false information to the State of Alabama. (Id.)

Plaintiff alleges that as a result of defendants ECM's and Casey's representations, she sought medical evaluation and treatment and suffered emotional distress and mental anguish. (Id. at pp.5-6). Plaintiff seeks both compensatory and punitive damages. (Id. at p. 6).

### III. REMOVAL STANDARD

The party seeking removal has the burden of establishing federal jurisdiction. Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir.1996), cert. denied, 520 U.S. 1162 (1997). Removal statutes should be construed narrowly, and all doubts about removal should be resolved in favor of remand. Allen v. Christenberry, 327 F.3d 1290, 1293 (11th Cir.2003). A defendant may submit affidavits, depositions, or other evidence to support removal. Hardy v. Welch, 135 F.Supp.2d 1171, 1177 (M.D.Ala.2000).

A lawsuit filed in state court may be removed by a defendant if the district court would have had original jurisdiction. 28 U.S.C. § 1441. A court has original federal question jurisdiction if a federal issue is apparent on the face of the plaintiff's complaint. Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986). Under this well-pleaded complaint rule, "a defense that raises a federal question is inadequate to confer federal jurisdiction." Id. There is, however, an exception to the well-pleaded complaint rule where Congress has "so completely pre-empt[ed] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63–64 (1987); Jones v. LMR Intern., Inc., 457 F.3d 1174, 1178 (11th Cir.2006). Thus, a completely preempted state law claim presents a federal question that supports removal.

"In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." Hunter v. Shepherd, 2014 WL 1652336, *1 (N.D. Ala. 2014)(citing Friedman v. New York Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005)).

> That burden goes not only to the issue of federal jurisdiction, but also to questions of compliance with statutes governing the exercise of rights of removal.  Albonetti v. GAF Corporation-Chemical Group, 520 F. Supp. 825, 827 (S.D. Texas 1981); Jennings Clothiers of Ft. Dodge, Inc. v. U.S. Fidelity & Guaranty Co., 496 F. Supp. 1254, 1255 (D. Iowa 1980); Fort v. Ralston Purina Co., 452 F. Supp. 241, 242 (E.D. Tenn. 1978).

Hunter, 2014 WL 1652336 at *1-2 (quoting Parker v. Brown, 570 F.Supp.640, 642 (D.C. Ohio, 1983)).

> While it is undoubtedly best to include all relevant evidence in the petition for removal and motion to remand, there is no good reason to keep a district court from eliciting or reviewing evidence outside the removal petition.  We align

ourselves with our sister circuits in adopting a more flexible approach, allowing the district court when necessary to consider post-removal evidence in assessing removal jurisdiction.  We emphasize, as the court did in <u>Allen</u>, that "under any manner of proof, the jurisdictional facts that support removal must be judged at the time of removal, and post-petition affidavits are allowable only if relevant to that period of time." <u>Allen</u> [v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995)].

<u>Id.</u> at *2 (quoting <u>Sierminski v. Transouth Financial Corp.</u>, 216 F.3d 945, 949 (11th Cir. 2000)).

# IV. DISCUSSION

## A.    Motion to Remand

The question before the court is one of jurisdiction.  If none of plaintiff's state law claims is preempted by ERISA, this court lacks jurisdiction and the case is due to be remanded to the Circuit Court of Tallapoosa County, Alabama. "Congress enacted ERISA to protect 'the interests of participants in employee benefit plans and their beneficiaries.'" <u>Lewis v. Blue Cross Blue Shield of Georgia</u>, 2015 WL 1475610, *3 (M.D.Ala. Mar. 31, 2015)(quoting 29 U.S.C. § 1001(b)).  Assuming there is an ERISA plan at issue,[3] "[f]ederal

---

[3]  "In order to have an ERISA plan there must be (1) a plan fund or program (2) established or maintained (3) by an employer or by an employee organization (4) for the purpose of providing, among other things, medical or death benefits (5) to participants and their beneficiaries." <u>Woods v. American United Life Insurance Company</u>, 2015 WL 7075284, *2 (N.D. Ala. Nov. 13, 2015)(quoting <u>Glass v. United of Omaha Life Ins. Co.</u>, 33 F.3d 1341, 1345 (11th Cir. 1994) (citing <u>Donovan v. Dillingham</u>, 688 F.2d 1367, 1371 (11th Cir. 1982)); see 29 U.S.C. § 1002(1) (defining an "employee welfare benefit plan").

Plaintiff does not dispute that the subject health insurance plan is governed by ERISA.

preemption based on ERISA may take one of two forms: 'defensive' preemption and 'complete preemption.'" Id. (citing Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1211 (11th Cir.1999); Whitt v. Sherman Int'l Corp., 147 F.3d 1325, 1329 (11th Cir.1998)).

"Conflict preemption, also known as defensive preemption, is a substantive defense to preempted state law claims." Woods v. American United Life Ins. Co., 2015 WL 7075284, *4 (N.D. Ala. Nov. 13, 2015)(citing Jones v. LMR Int'l, Inc., 457 F.3d 1174, 1179 (11th Cir. 2006)). "This type of preemption arises from ERISA's express preemption provision, § 514(a), which preempts any state law claim that 'relates to' an ERISA plan. 29 U.S.C. § 1144(a). Because conflict preemption is merely a defense, it is not a basis for removal." Id. (citing Gully v. First Nat'l Bank, 299 U.S. 109, 115–16, 57 S. Ct. 96, 99, 81 L. Ed. 70 (1936)).

Complete preemption is a judicially-recognized exception to the well-pleaded complaint rule. "It differs from defensive preemption because it is jurisdictional in nature rather than an affirmative defense." Hunter, 2014 WL 1652336 at *5 (citing Jones, 457 F.3d at 1179). "Complete preemption under ERISA derives from ERISA's civil enforcement provision, § 502(a), which has such 'extraordinary' preemptive power that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Id. at *5 (quoting Taylor, 481 U.S. at 65-66, 107 S.Ct. at 1547).

Complete and defensive preemption are related, but not coextensive:

> Complete preemption is [] narrower than "defensive" ERISA preemption, which broadly "supersede[s] any and all State laws insofar as they ... relate to any [ERISA] plan." ERISA § 514(a), 29 U.S.C. § 1144(a) (emphasis added). Therefore, a state-law claim may be defensively preempted under § 514(a) but not completely preempted under § 502(a). In such a case, the defendant may assert preemption as a defense, but preemption will not provide a basis for removal to federal court.

Hunter, 2014 WL 1652336 at *5 (quoting Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1281 (11th Cir. 2005)(alterations in original)).

"The Eleventh Circuit has adopted a two-part test to determine whether ERISA completely preempts a state-law claim: '(1) whether the plaintiff could have brought its claim under [ERISA] § 502(a); and (2) whether no other legal duty supports the plaintiff's claim.'" Lewis at *3 (quoting Connecticut State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1345 (11th Cir.2009)(citing Aetna Health Inc. v. Davila, 542 U.S. 200, 210 (2004)))(alterations in original). This two prong test is in the conjunctive; therefore, a state law cause of action is completely pre-empted only if both prongs are satisfied. "If an ERISA claim is completely preempted, 'state law claims that seek relief available under ERISA are re-characterized as ERISA claims' for the purpose of jurisdiction and, thus, 'arise under federal law.'" Id. (quoting LMR, 457 F.3d at 1178.).

Defendant asserts complete preemption as the basis for its removal. The court will address each part of the complete preemption analysis in turn.

**1.     Part One: Whether plaintiff could have brought her claims under §**

9

502(a).[4]

ERISA § 502(a) states that a participant or beneficiary of an employee insurance plan may bring an action to "recover benefits to enforce his rights due to him under the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). A court may conclude that a plaintiff could have brought a claim under 502(a) if the following test is satisfied: "(1) the plaintiff's claim must fall within the scope of ERISA; and (2) the plaintiff must have standing to sue under ERISA." Conn. State Dental Ass'n, 591 F.3d at 1350. Both parts of the test must be satisfied for the claims to be preempted.

Brown states in its notice of removal that counts IV and V "clearly arise under Section 502(a)(1)(B)" because plaintiff "seek[s] benefits to which she claims she was entitled under the plan." (Doc. 1 at p. 4). Brown further argues in its opposition to plaintiff's motion to remand that counts IV and V of plaintiff's complaint "clearly relate to the health benefits plan," and are "based on an employer-provided benefit plan." (Doc. 18 at pp. 5, 6). Brown identifies the following paragraphs contained in plaintiff's second amended complaint as evidence that plaintiff's claims are for benefits and implicate ERISA:

---

[4] Defendant Brown does not argue that the portions of counts IV and V relating to defendants ECM's and Casey's alleged misrepresentations to the doctor who treated plaintiff for her workplace injury are preempted by ERISA, and there is no support for such a conclusion. Therefore, this discussion solely concerns whether the portions of counts IV and V regarding defendant Brown's alleged misrepresentations to plaintiff as to the cancellation of her insurance coverage are preempted by ERISA.

- "[T]he Brown Defendants terminated, or caused to be terminated Plaintiff's health insurance coverage effective September 1, 2014." (Doc. 1-8 at ¶¶ 31,43).

- "The Brown Defendants, Defendant ECM through Defendant Casey, and Defendant Casey, each committed or performed each of the acts (averments 27-36, above) with the knowledge of, and in conjunction with, each other, doing so intentionally, knowingly, maliciously, **for the purpose of imposing undue financial hardship on the Plaintiff** and to otherwise just impose extreme additional stress to Plaintiff's situation, including severe mental anguish and embarrassment." (Doc. 1-8 at ¶ 37) (emphasis supplied).

- "Plaintiff justifiably and reasonably relied and acted on this information **by not obtaining health insurance on her own** for September, 2014 and by using, during the month of September 2014, the health insurance Plaintiff was told by the Brown Defendants that she had." (Doc. 1-8 at ¶ 45) (emphasis supplied).

- "Plaintiff has since learned that the health insurance coverage had been cancelled or not paid by the Brown Defendants for September 2014, **receiving notifications of money due back to Blue Cross Blue Shield of Alabama (the health insurer) and due to be paid to a local health provider as a result of her use of the cancelled insurance** during the month of September 2014." (Doc. 1-8 at ¶ 46)(emphasis supplied).

- As a proximate result of the misrepresentation and suppression of the Brown Defendants, **Plaintiff has incurred medical costs she would not have otherwise incurred**, as well as suffered an aggravation of mental anguish and emotional distress. (Doc. 1-8 at ¶ 47)(emphasis supplied).

Plaintiff takes issue with defendant Brown's reading of her complaint as a whole and

of the specific paragraphs above, and states in her motion to remand that the gravamen of her

11

complaint is not that she was wrongfully denied benefits under her employer-provided health insurance plan, but that defendant Brown lied to her about when her insurance coverage would be terminated. (Doc. 12 at pp. 6-7). Plaintiff is emphatic that the complaint does not request, and she does not seek to recover, plan benefits. Rather, plaintiff explains in her reply brief, she seeks compensation for damages she suffered as a result of defendant Brown's alleged misrepresentations, including, but not limited to, medical expenses she incurred for treatment of the mental anguish and stress she experienced as a result of defendant Brown's alleged misrepresentations. (Doc.19 at pp. 7-8).

Brown has not met its burden of demonstrating that counts IV and V could have been brought under § 502(a). As summarized above, Brown essentially makes two arguments in support of complete preemption. Brown's first argument – that counts IV and V seek to recover benefits that plaintiff contends she was owed under the plan – is unpersuasive. Plaintiff does not expressly state in her complaint that she is due benefits owed under the ERISA plan, or that she wishes to recover such benefits. Moreover, the court does not read plaintiff's second amended complaint as one containing a claim for ERISA benefits.

Brown directs the court to the paragraphs set forth above and argues that they are proof that counts IV and V of plaintiff's second amended complaint – despite plaintiff's protests to the contrary – seek recovery of ERISA benefits. Brown places significant emphasis on plaintiff's allegation that it misrepresented her coverage termination date for the purpose of "imposing undue financial hardship" on her, as well as the claim that plaintiff

12

incurred medical expenses she "would not have otherwise incurred." (Doc. 1-8 at pp. 5-6). However, the court is not satisfied that these references to "financial hardship" and "medical expenses she would not have otherwise incurred" establish that plaintiff seeks to recover ERISA benefits.

To determine whether plaintiff's claims are for benefits, it is necessary to analyze these references in the context of the second amended complaint as a whole.[5] Plaintiff alleges in counts IV and V that Brown, by and through its employee, Cecily Lee, told plaintiff that though she was terminated effective September 10, 2014, her insurance coverage would remain current until the end of September, 2014. Plaintiff further contends that, because she relied on this representation, she did not contract for new insurance, continued to receive medical services, and presented to her healthcare providers proof of the insurance she believed to be current. It was only after plaintiff received the above medical care that she learned her insurance coverage had been cancelled. Plaintiff claims that Brown's misrepresentation was intentional and made for the purpose of imposing financial hardship, and that, as a result of the misrepresentation, she was compelled to seek medical evaluation and treatment. She further maintains that she incurred medical expenses she would not otherwise have incurred as a result of this misrepresentation.

---

[5] Plaintiff urges the court also to review evidence it attached to its motion to remand (Doc. 12-1), which includes, *inter alia*, plaintiff's sworn affidavit. As explained in Part III of this order, the Eleventh Circuit has made it clear that courts can consider such evidence. However, in this case, it is unnecessary for the court to do so. All questions before the court can be answered with reference to the second amended complaint itself.

Plaintiff's allegation that defendant Brown intended to cause her "financial hardship" does not establish that plaintiff seeks to recover ERISA benefits. Though defendant Brown appears to suggest as much, there is no indication that the "hardship" to which plaintiff refers is that she was forced to pay for, or owes, money for services that should have been covered by her employer-provided insurance through the end of September 2014. At no point in the second amended complaint does plaintiff allege that she was owed coverage until the end of the month, or that defendant Brown wrongfully terminated her coverage effective September 1, 2014. Therefore, the court does not conclude that plaintiff's reference to "financial hardship" is related to the termination of her insurance coverage (as opposed to the misrepresentation regarding the termination of her coverage) such that one could conclude her claim is one for benefits.

The court likewise finds unavailing Brown's argument that plaintiff's reference to "incurr[ing] medical expenses she would not have otherwise incurred" is proof that she intends to recover benefits. Brown implies that the medical expenses to which plaintiff refers are expenses which she believes *should have been covered* by the ERISA plan; however, the allegations of the second amended complaint do not support this conclusion. Again, plaintiff never alleges that she was owed coverage, or that Brown could not cancel her coverage effective September 1, 2014, and she does not maintain that the September medical expenses should have been covered. She simply claims that Brown misrepresented the coverage termination date. Taking the allegations of the second amended complaint as a whole,

14

plaintiff's statement could be a reference to the fact that plaintiff received medical treatment in the period between her termination date and the end of September, 2014, but would not have visited health care providers had she known her insurance coverage already had been cancelled.[6] Alternatively, plaintiff could be referring to the fact that she sought treatment for mental anguish and emotional distress caused by the alleged misrepresentation, and claiming that had plaintiff not made the misrepresentation, she would not have incurred those expenses. While it is unclear which of these, or other, scenarios provides the basis for the allegation that plaintiff incurred medical expenses she would not have otherwise incurred, there is no support for a conclusion that plaintiff is referring to expenses that should have been covered by the ERISA plan. Especially in light of the well-settled principle that any doubts and ambiguities about jurisdiction should be resolved in favor of remand,[7] defendant Brown has not demonstrated that plaintiff asserts a claim to recover benefits such that she could have brought her action under § 502.

There are two other avenues by which Brown can show that plaintiff's action could

---

[6] Plaintiff does not explicitly advance this theory. She argues in her reply brief that any references to medical expenses in the second amended complaint relate either to treatment for her on-the-job injury or for the mental anguish and emotional distress that resulted from defendant Brown's misrepresentations.

*If* plaintiff is, indeed, seeking recovery of the medical expenses she incurred in September 2014, which would not have accrued but for Brown's misrepresentations regarding when her coverage would terminate, ERISA is still not triggered. Seeking recovery of the September 2014 medical expenses she incurred is not the same as seeking plan benefits, as plaintiff does not contend that the September 2014 expenses should have been covered by the plan.

[7] See City of Vestavia Hills v. Gen. Fid. Ins. Co., 676 F.3d 1310, 1313 (11th Cir. 2012).

have been pursued under § 502. First, it could establish that plaintiff has sued to enforce her rights under the plan. Second, it could demonstrate that she has sued to clarify future rights under the plan. See 29 U.S.C. § 1132(a)(1)(B). Defendant does not pursue either theory, and there is no basis for a conclusion that either applies in this case.

Defendant Brown's second argument – that counts IV and V "are based on" and "clearly relate to" the ERISA plan at issue – also fails. A showing that plaintiff's claims "relate" to the ERISA plan is insufficient to confer jurisdiction on this court, as that is the standard for *conflict* preemption, not complete preemption.

Ultimately, it is clear that Plaintiff seeks compensatory damages arising from defendant Brown's alleged misrepresentations regarding the cancellation date of her insurance coverage.  Plaintiff does not dispute that her coverage *could* be terminated under the plan, or even terminated effective September 1, 2014; therefore, a state court will not need to construe the plan language or its terms in order to determine whether defendant Brown's alleged misrepresentations satisfy the standards for the torts of intentional infliction of emotional distress (count IV) or misrepresentation/suppression (count V).  See Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 407, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988)(explaining that the crucial question under complete preemption is whether the claims require construction of the plan language). On this basis alone, removal under complete ERISA preemption is improper. See McGill v. Pacific Bell Tel. Co., 2015 WL 6039267, *6 (C.D. Cal. October 15, 2015)(holding that the first part of the Davila analysis was not

16

satisfied because plaintiff's claims for compensatory damages were for alleged misrepresentations regarding plaintiff's need to take additional steps to maintain coverage and plaintiff did not seek to recover benefits, and because answering the question of whether the alleged misrepresentations constituted fraud would not require interpretation of the plan).

Defendant Brown did not address in its notice of removal or its response in opposition to plaintiff's motion to remand whether plaintiff would have had standing to sue under ERISA. However, because Defendant has failed to demonstrate that at least one of plaintiff's claims falls within the scope of ERISA, the court does not reach the issue of whether plaintiff would have had standing to assert an ERISA claim.

  **2.  Part Two: Whether plaintiff's claims implicate a duty independent of ERISA**

In Ehlen Floor Covering, Inc. v. Lamb, 660 F.3d 1283, 1288 (11th Cir. 2011), the Eleventh Circuit summarized the requirements to satisfying this part of the two part test. It explained:

> Step two of Davila looks to whether the plaintiffs' claims implicate a duty independent of ERISA. In Davila, the Supreme Court found that although respondents' claim asserted a breach of duty under the Texas Health Care Liability Act (THCLA), the "interpretation of the terms" of the benefit plan "form[ed] an essential part of their THCLA claim," such that there was no independent claim to defeat preemption. 542 U.S. at 213, 124 S.Ct. at 2498. Similarly, in Borrero v. United Healthcare of N.Y., Inc., appellants argued that their contractual duties were defined by state law, but this court found that even though the appellants' assertion was "true in the abstract," "the content of the claims necessarily require[d] the court to inquire into aspects of the ERISA plans because of the invocation of terms defined under the plans." 610 F.3d 1296, 1304 (11th Cir.2010). This court held that if some of a party's claims "implicate legal duties dependent on the interpretation of an ERISA

plan," the claims are completely preempted. Id. at 1304–5.

Id. at 1288. "Stated another way, the second prong of the Davila test is satisfied when 'the content of the claims necessarily requires the court to inquire into aspects of the ERISA plan[] because of the invocation of terms defined under the plan [].'" Cummings v. Lincoln Nat. Life Ins. Co., 2015 WL 3892756, *4 (M.D. Ala. Jun. 24, 2015)(quoting Borrero, 610 F.3d at 1304)).

As an initial matter, Brown does not address this part of the Davila analysis in its notice of removal or its response in opposition to plaintiff's motion to remand. This is reason enough to grant the motion to remand. See Hunter, 2014 WL 1652336 at *5 (where notice of removal did not discuss the Davila two-part test and failed to analyze whether plaintiffs' claims fell within the scope of ERISA § 502(a), whether ERISA granted the plaintiff's standing to bring suit, and/or whether the plaintiffs' claims implicated a duty independent of ERISA, defendant had failed to meet its burden on removal).

Further, as previously explained with regard to the first part of the test, plaintiff does not assert in counts IV or V claims requiring judicial review of the plan's terms. A state court will not have to interpret the subject plan; instead, it will determine whether defendant Brown's alleged misrepresentations satisfy the standards for outrageous conduct and misrepresentation/suppression under Alabama law. If plaintiff, for example, disputed whether defendant Brown could cancel her plan effective September 1, 2014, the court might be required to inquire into the aspects of the ERISA plan, but that is not the case. The resolution

18

of counts IV and V "requires analysis of [d]efendant's alleged misrepresentations, and [p]laintiff's right to recovery depends entirely on the falsity of those statements, independent of the plan itself." McGill, 2015 WL 6039267 at *7. Thus, the second part of the Davila test has not been met.

Defendant Brown has failed to demonstrate that plaintiff's claims could have been brought under § 502 or that plaintiff's claims do not implicate a duty independent of ERISA. Therefore, it has not satisfied its burden to establish subject matter jurisdiction for purposes of removal. See Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11ᵗʰ Cir. 2001)("Because this case was originally filed in state court and removed to federal court by Best Buy, Best Buy bears the burden of proving that federal jurisdiction exists."). All doubts about jurisdiction should be resolved in favor of remand to state court; accordingly, this case is due to be remanded.  City of Vestavia Hills v. Gen. Fid. Ins. Co., 676 F.3d 1310, 1313 (11th Cir. 2012).

**B.    Motion for attorney fees, costs, and expenses.**

 Plaintiff argues that she is due attorney fees, costs, and expenses based on Brown's improper removal and its intent to delay the proceedings.[8] (Doc. 12 at pp. 11-15). The statute states, in pertinent part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  "Hence, an award of costs and fees . . . is within the court's discretion, but

---

[8] Plaintiff does not allege that the notice of removal was untimely filed.

the court must still follow a standard." *Bank of New York Mellon v. Reaves*, 2015 WL
5736395, *4 (M.D. Ala. Sep.  30, 2015).

> Whether an award of costs and fees is appropriate "turn[s] on the
> reasonableness of the removal.  Absent unusual circumstances, courts may
> award attorney's fees under § 1447(c) only where the removing party lacked an
> objectively reasonable basis for seeking removal. Conversely, where an
> objectively reasonable basis exists, fees should be denied."

Id. (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).  See also Bauknight
v. Monroe County, Fla., 446 F.3d 1327, 1329-32 (11th Cir. 2006)(finding no abuse of
discretion in district court's refusal to award costs and fees where removal was objectively
reasonable and there were no unusual circumstances).

While plaintiff has established that the case is due to remanded, she has not shown
that defendant Brown lacked an objectively reasonable basis for seeking removal. Despite
the court's conclusion that Brown failed to carry its burden to establish jurisdiction, it was
not objectively unreasonable for the defendant to construe plaintiff's allegations as it did.
See Abrams v. Olin Corp., 248 F.R.D. 283, 292-93 (S.D. Ala. 2007)(denying request for
attorney fees on the basis that defendant's jurisdictional theory, while neither persuasive nor
correct, was not objectively unreasonable). Plaintiff has likewise not shown that unusual
circumstances exist that nevertheless justify an award of fees. Therefore, the request for an
award of attorney fees will be denied.

## CONCLUSION

For the foregoing reasons, it is

ORDERED as follows:

(1) Pursuant to 28 U.S.C. 1447(c), Plaintiff's motion to remand (Doc. 12) is GRANTED, and this case is hereby REMANDED to the Circuit Court of Tallapoosa County, Alabama, for lack of jurisdiction.

(2) Plaintiff's motion for attorney fees, costs, and expenses (Doc. 12) is DENIED.

The Clerk of the Court is DIRECTED to take steps necessary to effectuate the remand.

DONE, this 15th day of December, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE